IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DENVER FENTON ALLEN,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:25-cv-208-TES-CHW |
| **DENNIS BROWN, et al.,** | : |
| **Defendants.** | : |

## ORDER

Pro se Plaintiff Denver Fenton Allen, a prisoner incarcerated in the Special Management Unit at the Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed a complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1. Plaintiff has neither paid the filing fee nor moved to proceed *in forma pauperis*. Plaintiff, however, may not proceed without paying the filing fee in full because he has three strikes under the Prison Litigation Reform Act ("PLRA") and he has not alleged facts demonstrating an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint is, therefore, **DISMISSED** for the reasons set forth below.

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

> was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* is forbidden "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed approximately forty-eight federal civil complaints and at least three of these complaints have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g., Allen v. U.S. District Court (Rome) Northern Dist.,* 4:14-cv-205-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 12, 2014) (order adopting recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Goss*, 4:14-cv-00229-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*,  ECF No. 6 (N.D. Ga. Sept. 26, 2014) (order adopting

2

recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Milsap*, 4:12-cv-290-HLM-WEJ, ECF No. 4 (N.D. Ga. Dec. 11, 2012) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Jan. 2, 2013) (order adopting recommendation and dismissing complaint because "allegations are wholly incredible and claims are frivolous"); *Allen v. Owens*, 1:12-cv-143-JRH-WLB, ECF No. 7 (S.D. Ga. Nov. 7, 2012) (recommending dismissal for failure to state a claim), *report and recommendation adopted*, ECF No. 9 (N.D. Ga. Dec. 5, 2012) (order adopting recommendation to dismiss for failure to state a claim); *Allen v. Brown*, 1:12-cv-52-JRH-WLB, ECF No. 26 (S.D. Ga. March 7, 2013) (recommending dismissal for failure to state a claim and abuse of the judicial process), *report and recommendation adopted*, ECF No 29 (S.D. Ga. Apr. 1, 2013) (order adopting recommendation and dismissing action); *Allen v. Georgia*, 1:18-cv-4905-CAP, ECF No. 3 (N.D. Ga. Nov. 15, 2018) (noting that Plaintiff has three or more strikes and collecting cases), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Dec. 10, 2018) (order adopting recommendation and dismissing based on strikes).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Off.*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344,

1350 (11th Cir. 2004). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

This complaint suffers from the same flaws as many of Plaintiff's previous complaints. Plaintiff names at least thirty-eight defendants, including the World Health Organization, Africa, Asia, United States, North America, South America, Europe, Australia, and Antarctica. ECF No. 1 at 1. These are not federal officials or agents subject to liability under *Bivens* and they have no connection whatsoever to Plaintiff or his alleged constitutional violations. Additionally, significant portions of the complaint are illegible. *See* ECF No. 1 at 2, 3, 4. The Court previously warned Plaintiff that "[a] complaint [which] cannot be clearly read is subject to dismissal." *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW, ECF No. 3 at 3 (M.D. Ga. May 7, 2025) (order dismissing complaint and stating that "much of Plaintiff's complaint is illegible and indecipherable gibberish"). Yet, Plaintiff continues to file illegible complaints.

It is impossible to know what Plaintiff is complaining about in his four-page complaint. For example, on the second page of his complaint, Plaintiff states,

Cops monitor how the Eastman YDC given cholon (sic) hydrotherapy

4

> [illegible] Crip Folks [illegible] at least once in 2000 [illegible] in 2001 caused severe [illegible] damage You think when I kill King Tutt nobody gonna get violated for which you check Now got family guy on TV I [illegible] on [illegible] all night all day [illegible] cops that hold on False charges.

ECF No. 1 at 2. Unfortunately, no improvement is made on pages three and four of the complaint. Plaintiff seems to allege that various numbers, not people but numbers, "paid to smash [him]" if he "gets a cup of coffee or [his] pills." *Id*. at 3. Plaintiff goes on to rant about some unnamed person who he hopes "got pimped [and] caught HIV." *Id*.

None of this nonsense contains facts showing that Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Plaintiff did not pay the filing fee at the time he initiated this suit, the complaint must be dismissed. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("The prisoner cannot simply pay the filing fee after being denied [IFP] status. He must pay the filing fee at the time he initiates the suit."). When § 1915(g) bars a prisoner from proceeding, "the proper procedure is . . . to dismiss the complaint without prejudice." *Id*.

It is, therefore, **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

**SO ORDERED**, this 29th day of May, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**